UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARNALDO LOPEZ and ORIANA LOPEZ

                              PLAINTIFFS,          **COMPLAINT**

            -AGAINST-                            **16-CV-4223**

NEW YORK CITY, DETECTIVE THOMAS REO,
POLICE OFFICER DANIEL PELAN and POLICE
OFFICER MICHAEL FERRARI, individually, and in their
capacity as members of the New York City Police
Department,

                             DEFENDANTS.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil action in which Plaintiffs seek relief for the violation of their rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about July 1, 2015, in which officers of the New York City Police Department ("NYPD") acting under color of state law, intentionally and willfully subjected Plaintiffs to *inter alia* false imprisonment/false arrest and unlawful search and entry.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Arnaldo Lopez ("Mr. Lopez") is a United States citizen and at all times here relevant resided at 121-40 Grayson Street, Queens, NY 11413.

7. Oriana Lopez ("Ms. Lopez") is a United States Citizen and at all times here relevant resided at 121-40 Grayson Street, Queens, NY 11413.

8. New York City is a municipal corporation organized under the laws of the State of New York.

9. Detective Thomas Reo ("Det. Reo"), Police Officer Michael Ferrari ("PO Ferrari") and Police Officer Daniel Pelan ("PO Pelan") are sued in their individual and professional capacities.

10. At all times mentioned, defendants was acting under color of state law, under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

11. Mr. Lopez is a retired MTA Manager.

12. Mr. Lopez lives with his daughter Ms. Lopez and his son Damascus.

13. Ms. Lopez is 35 years old and suffers from kidney failure. At the time of the incident herein, Ms. Lopez was suffering from cancer.

14. On or about July 1, 2015, Ms. Lopez was at home with Damascus and Damascus' girlfriend and daughter.

15. Mr. Lopez was at work.

16. Upon information and belief, Det. Reo, PO Pelan, and PO Ferrari drove past the Lopez's home.

17. Upon information and belief, Det. Reo, PO Pelan, and PO Ferrari were staring at Damascus's girlfriend.

18. Upon information and belief, Damascus's girlfriend made a gesture to the police officers and went inside the home.

19. Without warning or probable cause, Det. Reo, PO Pelan, and PO Ferrari proceeded to knock down the door and enter the home.

20. Ms. Lopez was terrified.

21. Det. Reo, PO Pelan, and PO Ferrari were discourteous to Ms. Lopez and threatened to arrest her.

22. Det. Reo, PO Pelan, and PO Ferrari told Ms. Lopez to sit on a chair and not to move.

23. Det. Reo, PO Pelan, and PO Ferrari refused to provide Ms. Lopez with their names or shield numbers.

24. Det. Reo, PO Pelan, and PO Ferrari then searched the whole home.

25. Eventually Damascus was arrested and the police officers left the home.

26. Ms. Lopez was extremely upset and called Mr. Lopez.

27. Mr. Lopez arrived home to find his door broken, his granddaughter crying, and Ms. Lopez still extremely upset.

28. Mr. Lopez was concerned for Ms. Lopez's health.

29. Plaintiffs have been upset and traumatized by this incident, and are wary and fearful when they see NYPD officers.

30. Plaintiffs take efforts to avoid police officers when in public.

31. Plaintiffs suffered following the incident and felt fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Imprisonment/False Arrest)

32. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

33. Defendants have deprived Plaintiff Ms. Lopez of her civil, constitutional and statutory rights under color of law and are liable to Plaintiff Ms. Lopez under 42 USC 1983.

34. Defendants have deprived Plaintiff Ms. Lopez of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Plaintiff Ms. Lopez were falsely imprisoned by Defendants.

35. Defendants unreasonably and unjustifiably confined Plaintiff Ms. Lopez.

36. Plaintiff Ms. Lopez was aware of, and did not consent to, her confinement.

37. The confinement was not privileged.

38. Plaintiff Ms. Lopez has been damaged as a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Unreasonable and Unlawful Search and Entry)

39. Plaintiffs repeat and reallege each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants deprived Plaintiffs of their civil, constitutional and statutory rights under color of law and are liable to Plaintiffs under 42 USC 1983.

41. Defendants entered and searched the home of Plaintiffs and damaged Plaintiffs' property and possessions without legal justification or consent.

42. Defendants deprived Plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that Defendants entered and searched Plaintiffs' private home and possessions without a valid warrant, without consent, without probable cause and without privilege.

43. Plaintiffs have been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court

## JURY DEMAND

44. Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs respectfully request that the court enter a Judgment against Defendants together with costs and disbursements as follows:

>In favor of Plaintiffs in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional requirement for each of Plaintiffs' causes of action;
>
>Awarding Plaintiffs punitive damages in an amount to be determined by a jury;
>
>Awarding Plaintiffs reasonable attorneys' fees, costs and disbursements of this action;
>And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
       July 29, 2016           By:

                                        /s/
                               Malcolm Anderson (MA4852)
                               PetersonDelleCave LLP
                               Attorney for Plaintiff
                               233 Broadway, Suite 1800
                               New York, NY 10279
                               (212) 240-9075